## Vittitow v. Dodson et al.

May 28, 1946.

G. Wallace Thacker for appellant.

Wilson & Wilson for appellees.

OPINION OF THE COURT BY JUDGE DAWSON—Affirming.

This controversy brings before us the question of whether a lot at the southwest corner of Frederica Street and Ford Avenue, in Owensboro, is covered by the restrictions in a deed of dedication which was executed by Lula Ford Todd and C. A. Todd, her husband, on August 12, 1937.

The pertinent provisions of that deed are as follows:

"This plat represents the Todd Addition as laid out, situated in Owensboro, Kentucky, on the south side of Ford Avenue. We hereby dedicate for the use of the public the streets herein shown.

"The following restrictions shall apply:—All lots are exclusively for residence purposes. Residences built on lots must cost at least $4000. No lot shall be sold to any person of African decent. The building line shall be as shown on this map.

"In Witness Whereof, we subscribe our names this the 12th day of August, 1937.

"Lula Ford Todd
"C. A. Todd"

A copy of the plat referred to in the deed is a part of the record, and from the deed and the plat we must determine whether the lot in question was intended to be included as a part of the "Todd addition" and is subject to the restrictions contained in the deed.

On April 10, 1946, the present owners of the lot involved, the appellees herein, entered into a contract with the appellant by the terms of which the appellees agreed to convey the lot to the appellant for the sum of $13,600 by a deed of general warranty free and clear of all restrictions and restrictive covenants. Being in doubt as

to whether or not the lot was subject to the restrictions contained in the deed of dedication, the appellant refused to accept the deed and this suit to determine the rights of the parties resulted. The lower court held that the lot was not a part of the "Todd Addition" and not subject to those restrictions, and this appeal followed.

In reaching a decision of the question presented we must apply general principles of law which are established in this jurisdiction. In the case of Foos v. Engle et al., 295 Ky. 114, 174 S. W. 2d 5, 9, this court said: "It is a generally recognized rule of law that restrictions on the use of real property are to be strictly construed and given the effect which the language in which they are expressed authorizes when considered in connection with the circumstances surrounding the transaction and the objects which the parties had in view at the time of their creation."

To the same effect see Holliday v. Sphar, 262 Ky. 45, 89 S. W. 2d 327, and the cases cited therein.

In the case of Meyer et al. v. Stein et al., 284 Ky. 497, 145 S. W. 2d 105, 106, it is said: "Restrictions upon the free alienation of property are not favored by the law and are usually strictly construed against those seeking to enforce them. This rule applies to building restrictions."

In Glenmore Distilleries Company v. Fiorella et al., 273 Ky. 549, 117 S. W. 2d 173, 176, it is said: "Any reasonable and substantial doubt regarding the meaning of a building restriction will be resolved against the one invoking such restriction and in favor of free use of the property."

Keeping these well-settled principles of law in mind as we approach the question under consideration, we find that the deed of dedication states that the plat "represents the Todd Addition as laid out, situated in Owensboro, Kentucky on the South side of Ford Avenue * * *". No mention is made of the fact that any portion of the property included in the deed is on Frederica Street. It will be noted that the deed of dedication does not specifically provide that it covers a definite and certain number of lots, nor does it refer to the lots as numbered on the plat. Thus, the intention of the dedicators as to the corner lot involved here is not made clear from the deed. It will be noted,

however, that the deed provides "the building line shall be as shown on this map." The map referred to is the plat heretofore mentioned. This plat shows thirty-two lots numbered from 1 to 32. In addition to these numbered lots it shows two tracts on Frederica Street, the larger of which was not owned by the dedicators at the time the deed was executed, and, so far as the record shows, was never owned by them. The smaller area fronting on Frederica Street is the corner lot involved in this controversy. This corner lot is not numbered. Its dimensions are not shown by the plat although the dimensions of each of the numbered lots are. The plat shows the building line referred to in the deed and it extends along the South side of Ford Avenue as far as Lot No. 14, which is adjacent to the corner lot in question. The building line stops with lot No. 14 and does not extend to and across the corner lot. This lot as shown on the plat is entirely devoid of any of the descriptive figures which appear on all the numbered lots and is treated by the person who prepared the plat in the same manner as the larger area fronting on Frederica Street, which, as we said, was not owned by the dedicators.

From a thorough examination of the deed of dedication and the plat we are definitely of the opinion that the lot covered by the contract of sale is not a part of the so-called "Todd Addition" and therefore is not covered by the restrictions contained in the deed. Frederica Street is one of the most important business streets in Owensboro, and at the time the property was dedicated, and now, business property and residential property was intermingled on the north and south sides of the lot.

In order to say that this lot is a part of the "Todd Addition" it would be necessary to read additional language into the deed of dedication, and this would be contrary to the principles of law set out above.

It is clear to us that the dedicators did not intend that the restrictive provisions contained in the deed of dedication be applied to the lot at the Southwest corner of Frederica Street and Ford Avenue, and it follows that the judgment of the lower court is correct, and it is affirmed.